In the Matter of the Claim of KATHRYN M. HOWARD, Respondent. LOUIS L. LEVINE, as Industrial Commissioner, Appellant.

Third Department, November 29, 1973.

*Louis J. Lefkowitz, Attorney-General (Irving Jorrisch, Samuel A. Hirshowitz and Murray Sylvester of counsel), for appellant.*

*Henry J. Metzner* for respondent.

COOKE, J. This is an appeal from a resettled decision of the Unemployment Insurance Appeal Board, filed April 28, 1972, which modified the initial determination of the Industrial Commissioner, holding claimant ineligible to receive benefits effective May 5 through May 9, 1971 because she did not comply with reporting requirements, and determined that claimant was ineligible to receive benefits effective May 5, 1971 only.

Claimant, who last worked for Channel Masters of Ellenville, New York, filed for benefits effective April 5, 1971 and received three benefit payments through May 2, 1971. She lived in the vicinity of said village and was assigned Wednesday as her regular day to report to the itinerant unemployment insurance office at said place, which point was open only on Mondays and Wednesdays. Claimant failed to report to said office on Wednesday, May 5, 1971 because she went with a friend who was working in Poughkeepsie to look for employment, although she did not have any appointments for job interviews. She did report to the Ellenville office on Monday, May 10, 1971, and in a statement dated that day recited that she had made calls for work from a house at Poughkeepsie but did not remember the names of the places called. At a hearing thereafter held, she indicated places to which she had phoned.

The Industrial Commissioner is directed to administer the Unemployment Insurance Law and is empowered to promulgate necessary rules and regulations to properly administer the allowance of unemployment insurance benefits (Labor Law, § 530, subd. 1; *Matter of Ianni [Catherwood]*, 15 A D 2d 593). A claimant is entitled to accumulate effective days for the purpose of benefit rights only if he has complied with the provisions of said law regarding, among other things, his registration as totally unemployed and the reporting of his subsequent employment and unemployment (Labor Law, § 590, subd. 1) and no effective days shall be counted except those as to which notification has been given in a manner prescribed by the Commissioner (subd. 8). He is required to register as totally unemployed at a local State employment office serving the area in which he was last employed or in which he resides in accordance with regulations prescribed by the Commissioner and, after so registering, to report for work at the same office or give notice of the continuance of his unemployment as often and in such

manner as prescribed by the Commissioner (Labor Law, § 596, subd. 2).

Under section 473.2 of the regulations of the Industrial Commissioner (12 NYCRR 473.2), a claimant is required to report in person at the office or itinerant point where his claim for benefits is on file at such days and hours as may be required by such office (subd. [b]), and may not receive credit for any period of unemployment from the day on which a failure to report occurred until he next reports or until the beginning of the week in accordance with section 473.1 of said regulations, whichever is earlier (subd. [d]). However, the failure to so report in compliance with section 473.2 may be excused by the Commissioner upon proper presentation of facts and circumstances if it is shown to his satisfaction that they constitute good cause (subd. [g]).

Reporting in accordance with the provisions of the Labor Law and the regulations of the Industrial Commissioner is a necessary prerequisite to eligibility for benefits (cf. *Matter of Rescigno [Catherwood]*, 24 A D 2d 658), and we may not disturb the board's finding that claimant did not have good cause for her failure to report on May 5, 1973, since that finding is supported by substantial evidence (*Matter of Nixon [Catherwood]*, 29 A D 2d 895; cf. *Matter of Iacone [Catherwood]*, 34 A D 2d 590).

A regulation, such as 12 NYCRR 473.2, appears necessary, reasonable and valid in view of the vast number of claims presented and processed and the effective administration of the complexities of the act requires regulated reporting such as the one under consideration (*Matter of Nixon [Catherwood]*, *supra*). It is within an area of administration of the Commissioner which the Appeal Board is bound to accept since the Commissioner, and not the board, has been given the legislative delegation (cf. *Matter of Marsh [Catherwood]*, 17 A D 2d 527, 531, affd. 13 N Y 2d 235). In *Matter of Omolino (Catherwood)* (11 A D 2d 553), where claimant was instructed to report on a Friday, forgot to so report but returned the following Monday, this court reversed the Appeal Board, upheld the regulation and stated that claimant's failure to report on the Friday in question deprived him of benefits for the otherwise effective days of that week. In *Matter of McGowan (Murphy)* (266 App. Div. 933), where claimant became unemployed on December 14, 1942 but did not file until January 27, 1943, the court reversed the board and stated that it was without authority to predate claimant's application to the December date. Thus, the instant regulation of the Commissioner was within the discretion granted by

the Legislature and should not have been nullified or altered by the board (cf. *Matter of Moorehead [Catherwood]*, 24 A D 2d 663; 62 N. Y. Jur., Unemployment Insurance, § 139, p. 136).

The decision should be reversed, without costs, and the matter remitted for further proceedings not inconsistent herewith.

HERLIHY, P. J. (dissenting). There is no dispute as to the facts.

The board's decision attempts to equitably adjust the rights of claimants who report to a permanent facility office and an itinerant office. Here, the claimant did not report on the day assigned to her, but did report on a day when the itinerant office was next opened. The board stated:

" We find that there is no adequate explanation for the difference in treatment afforded claimants who report to itinerant points as between original claims, additional claims and reporting requirements.

" Since it fails to take into consideration the considerable disadvantage in the service afforded to claimants who are required to report to itinerant points, we conclude that Regulation 41(d) is unreasonable and grossly unfair when it is interpreted so as to penalize a claimant who fails to report to an itinerant point, as required, on a day when such office is open and rules such claimant to be ineligible to receive benefits until the next day he reports, even though the itinerant office is not open in the interim period."

While reporting requirements are reasonable, the penalty for failure to report is discriminatory and should be construed so as not to include people reporting to an itinerant office which is not open on a Monday through Friday basis.

The board's decision to disqualify the claimant effective May 5, 1971 only should be affirmed.

STALEY, JR., and SWEENEY, JJ., concur with COOKE, J.; HERLIHY, P. J., and MAIN, J., dissent and vote to affirm in an opinion by HERLIHY, P. J.

Decision reversed, without costs, and matter remitted for further proceedings not inconsistent herewith.